IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Debra Benson, | ) | C/A No. 0:10-1183-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Adrienne Coleman; Dick Rowell; Cleophus | ) | |
| White; Jerrilyn Mingo; Mary Martin; and | ) | |
| Margaret Thompson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Debra Benson ("Benson"), filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of her constitutional rights by the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion to dismiss filed by Defendant Margaret Thompson ("Thompson"), who is self-represented. (ECF No. 104.) In her motion, Thompson asks the court to dismiss the plaintiff's claims against her.

As an initial matter, the court observes that Thompson's motion presents no legal argument in favor of dismissal, but rather sets forth Thompson's version of the facts. Thompson's factual recitation is neither sworn nor declared under penalty of perjury. In opposition to Thompson's motion, Benson provides an affidavit detailing her version of events, which contradicts Thompson's in various ways. Accordingly, at this point, the court is faced with two conflicting statements as to the facts giving rise to this dispute, one sworn and one not, and no argument presented in support of Thompson's motion to dismiss as to why the claims should be dismissed as a matter of law. As

PJG

a result, the court is constrained to recommend denial of the motion without prejudice to Thompson

to file a timely[1] second dispositive motion, properly supported in accordance with applicable law.

## RECOMMENDATION

Accordingly, the court recommends that Thompson's motion to dismiss be denied without

prejudice.   (ECF No. 104.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 7, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] The court notes that the current deadline to file dispositive motions is February 3, 2012.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).